# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2013

No. 12-20680
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELEONEL MORALES SANTOS, also known as Eleonel Santos-Moralez, also known as Eleonel Morales Santos, also known as Eleonel Santos Moralez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-294-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty-plea conviction for illegal reentry by a previously deported alien after an aggravated-felony conviction, Eleonel Morales Santos received a sentence, *inter alia*, of 64 months' imprisonment. He contends the district court erred in applying a 16-level crime-of-violence enhancement under Guideline § 2L1.2(b)(1)(A)(ii) based on his 2004 Michigan conviction for criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sexual conduct in the third degree.  According to Santos, and as he asserted in district court, his Michigan offense should not be considered a crime of violence because  the statute under which he was convicted does not comport with the "generic, contemporary meaning" of statutory rape or sexual abuse of a minor due to its lack of an age-differential requirement between defendant and complainant. *E.g.*, *United States v. Rodriguez*, 711 F.3d 541, 559 (5th Cir. 2013) (en banc), (applying "generic, contemporary meaning" test to determine whether offense qualifies as crime of violence).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Morales' contention is foreclosed by our court's en-banc decision in *Rodriguez*, rendered after briefing was complete for this appeal.  Our en-banc court concluded the generic, contemporary "definitions of 'sexual abuse of a minor' in legal and other well-accepted dictionaries do not include such an age-differential requirement". 711 F.3d at 562 n.28.

AFFIRMED.